LARIVIERE, GRUBMAN PC
Scott J. Allen (Bar No. 178925)
Email: scott@sjallenlaw.com
200 Sky Park Drive
Monterey, CA  93940
Office Telephone: (831) 649-8800
Attorney Direct Telephone: (831) 901-3901

Attorneys for Plaintiff,
Primus Group, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMUS GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INSTITUTE FOR ENVIRONMENTAL HEALTH, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND PATENT NON-INFRINGEMENT** <br><br> **JURY DEMAND** |

Plaintiff Primus Group, Inc. (hereafter alternatively "Primus" or "Plaintiff") pleads the following claims for Declaratory Judgment against Defendant Institute for Environmental Health, Inc. (hereafter alternatively "IEH" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.  This action is based on the patent laws of the United States, Title 35 of the United States Code. IEH has asserted that Primus infringes one or more claims of U.S. Patent Nos. 8,389,233 ("the '233patent"), 8,822,143 ("the '143patent") and 9,637,771 ("the '771patent") (collectively, the "Patents-in-Suit") based on certain alleged ongoing activity by Primus.  Primus asserts that the Patents-in-Suit are invalid and unenforceable, and even if they were enforceable, Primus contends that it does not infringe any valid claim of the Patents-in-Suit.  As will be discussed below, IEH has threatened Primus with legal action to enforce the Patents-in-Suit.

Primus therefore seeks a declaratory judgment from this Court declaring the patents to be invalid and/or that Primus does not infringe the patents.

## PARTIES

2. Plaintiff Primus is a California corporation having its principal place of business in the United States in Santa Maria, California. Primus is in the business of, among other things, conducting laboratory testing of agricultural products, crops, equipment, and environmental samples for the presence of microorganism.  Primus has regular and established places of business in California, including a laboratory located in Salinas, California, within this judicial district.

3. According to the records of the California Secretary of State, IEH is a corporation organized under the laws of the State of Washington. IEH regularly conducts business in California including but not limited to reaching out to prospective and established customers in California, selling products and/or services to customers in California, and performing services for customers in California.  IEH has a regular and established place of business in California, including but not necessarily limited to a laboratory and/or office in Salinas, California, within this judicial district.

## JURISDICTION AND VENUE

7. This is a civil action regarding allegations of patent infringement and patent invalidity arising under the patent laws of the United States, Title 35 of the United States Code, in which Primus seeks declaratory relief under the Declaratory Judgment Act. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8. An actual, justiciable controversy exists between Primus (on the one hand) and IEH (on the other) by virtue of IEH's allegation that Primus infringes one or more claims of the Patents-in-Suit.  Attached hereto as Exhibit A and incorporated herein by reference is a letter that

IEH sent to Primus that accuses Primus of infringing one or more claims of the Patents-in-Suit. The letter demands that Primus cease and desist from its alleged infringement and that Primus provide IEH documentation to determine the alleged extent of Primus' supposed infringement, the revenue derived by supposed infringing activity, and to allow IEH to determine damages supposedly caused by the alleged infringement.  The letter further states that IEH takes its allegation of alleged patent infringement very seriously and that IEH will not hesitate to bring suit for infringement if Primus does not comply with IEH's demands.

9.   Primus contends that it does not (and has not) engaged in the alleged infringing activity, and, even if it does or has engaged in such activity, that Primus has/had a right to do so without license from IEH and that the Patents-in-Suit are invalid.  Primus contends that it does not and never has infringed the Patents-in-Suit and does not owe IEH any damages whatsoever for alleged patent infringement.  Primus also contends that the Patents-in-Suit are, and have been since issuance, invalid and unenforceable under 35 U.S.C. Sections 102, 103, and/or 112.

10.   The Court has personal jurisdiction over IEH because IEH has conducted substantial and continued business in (and has substantial contact with) the Northern District of California. Among other things, IEH regularly offers to provide and does provide services to customers within the state of California including at its regular and established place of business in Salinas, California and other locations in this state.  Of course, as noted above, IEH has also sent letters directed to Primus at its headquarters in the State of California.

11.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and/or 1400 in that IEH has a regular and established place of business within this district and is subject to personal jurisdiction in this judicial district.

**INTRADISTRICT ASSIGNMENT**

12.  This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

**FACTUAL BACKGROUND**

13. On March 5, 2013, the United States Patent and Trademark Office ("PTO") issued the '233 patent.  The '233 patent states on its face that it was assigned to IEH. A true and correct copy of the '233 patent is attached to this Complaint as Exhibit B.

14.  On September 2, 2014, the PTO issued the '143 patent. The '143 patent states on its face that it was assigned to IEH. A true and correct copy of the '143 patent is attached to this Complaint as Exhibit C.

15.   On May 2, 2017, the PTO issued the '771 patent.  The '771 patent states on its face that it was assigned to IEH.  A true and correct copy of the '771 patent is attached to this Complaint as Exhibit D.

16.   As noted above, on November 28, 2017, Stuart R. Dunwoody, of the law firm Davis, Wright, Tremaine, sent a letter on behalf of IEH to Primus's chief executive officer, Robert F. Stovicek, Ph.D., with the subject line "Re: Infringement of [the Patents-in-Suit]."  A true and correct copy of the letter is attached as Exhibit A.  The letter is hereby incorporated by reference into this complaint.  As noted above, the letter accuses Primus of infringing the Patents-in-Suit, demands that Primus cease and desist such infringement, that Primus provide information to determine infringement and damages, and states that IEH will not hesitate to file a patent infringement suit against Primus if Primus does not comply with IEH's demands.

/ / / /

## FIRST COUNT:

## REQUEST FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY

17. Primus hereby incorporates by reference each of the preceding allegations as though fully set forth in this first count.

18. The Patents-in-Suit involve a common subject matter, each of the patents involve similar claims to a method of sampling and testing "lots" or "test lots" for the presence of microorganisms before releasing the lots into commerce. All three of the Patents-in-Suit are continuations of a common "parent" patent, United States Patent No. 7,534,584, issued May 19, 2009 (the "'584 Patent" or the "Parent Patent").

19. The claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. Sections 102 and/or 103 as anticipated and/or obvious in light of the prior art, which prior art includes but is not limited to the following: B. Jarvis, Statistical Aspects of Microbiological Analysis of Foods Progress in Industrial Microbiology: Errors Associated with Dilution Count and Presence/Absence Methods, Vol. 21, Elsevier (1989) Chapter 8, pp. 117–142; Price, WR et al., *Applied Microbiology* Vol. 23 No. 4 679-682 (1972); US Dep't of Agriculture, FSIS Directive, Microbiological Testing Program and Other Verification Activities for Escherichia coli 0157:H7 in Raw Ground Beef Products and Raw Ground Beef Components and Beef Patty Components, 10.010.1, Revision 1, (2004) pp. 1–28; Thaddeus F. Midura and Raymond G. Bryant, Compendium of Methods for Microbiological Examination of Foods: Sampling Plans, Sample Collection, Shipment, and Preparation for Analysis, 4th Ed., American Public Health Association (2001), Chapter 2; Phyllis Entis, Daniel Y.C. Fung, Mansel W. Griffiths, Lynn Mclntyre, Scott Russell, Anthony N. Sharpe, and Mary Lou Tortorello, Compendium of Methods for Microbiological Examination of Foods: Rapid Methods for Detection, Identification, and Enumeration, 4th Ed., American Public Health Association (2001), Chapter 10; M. A, Cousin, J.

M. Jayy, and P.C. Vasavada, Compendium of Methods for Microbiological Examination of Foods: Psychrotrophic Microorganisms, 4th Ed., American Public Health Association (2001), Chapter 13;  D. A. Gabis and J. H. Silliker, ICMSF Methods Studies. II. Comparison of Analytical Schemes for Detection of Salmonella in High-Moisture Foods, Can J. Microbiol, Vol. 20, (1974), pp. 663–669;  Wallace H. Andrews, Russell S. Flowers, John Silliker, and J. Stan Bailey, Compendium of Methods for Microbiological Examination of Foods: Salmonella, 4th Ed., American Public Health Association (2001), Chapter 37;  BAM: Food Sampling/Preparation of Sample Homogenate, US FDA (2003), (Bacteriological Analytical Manuel), Chapter 1, pp. 1–11;  and J. H. Silliker and D. A. Gabis, ICMSF Methods Studies. I. Comparison of Analytical Schemes for Detection of Salmonella in Dried Foods, Can J. Microbiol, Vol. 19, (1973), pp. 475–479.  The invention described in the Patents-in-Suit was also known or used by others before the claimed invention by the applicant for the Patents-in-Suit and/or was in public use or on sale more than one year prior to the date of application for the Patents-in-Suit, and the Patents-in-Suit are therefore invalid under 35 U.S.C. section 102.

    20. The Patents-in-Suit are also invalid for failure to comply with 35 USC section 112, including but not limited to section 112's requirement of a written description with sufficiently "full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention."

    21. Accordingly, the claims of the Patents-in-Suits, and each of them, should be declared invalid and unenforceable.

/ / / /

**SECOND COUNT:**

**REQUEST FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

22. Primus hereby incorporates by reference each of the preceding allegations as though fully set forth in this Second Count.

23. Primus does not engage, and has not engaged, in conduct that infringes, directly or indirectly, any valid claim of the Patents-in-Suit.

24. Consequently, a declaratory judgment should be entered declaring that Primus does not infringe any valid claim of the Patents-in-Suit.

**REQUEST FOR RELIEF**

1. For a judicial determination and declaration that the Patents-in-Suit are invalid;

2. For a judicial determination and declaration that Primus does not and has not infringed any valid claim of the Patents-in-Suit.

3. For a determination and declaration that this case is exceptional under 35 U.S.C. section 285 and for an award of attorneys' fees and costs to Primus.[1]

4. For such other and further relief as the Court determines to be just and proper.

---

[1] Primus' request for costs and fees under section 285 are based at least in part on the following: As noted above, the Patents-in-Suit are all continuations of a common "Parent Patent", namely US Patent No. 7,534,584, issued May 19, 2009 ("Parent Patent"). On January 20, 2015, a three judge panel of the PTO's Patent Trial and Appeal Board (PTAB) held each of the claims of the Parent Patent to be invalid as obvious pursuant to 35 U.S.C. Section 103(a) (Pre-AIA). A copy of the PTAB panel's decision is attached hereto as Exhibit E. The claims of the Patents-in-Suit that IEH asserts against Primus are substantially similar to the claims of the Parent Patent that the PTAB panel found to be invalid. Thus, IEH knows or has substantial reason to know that the claims asserted against Primus are also invalid. IEH nevertheless sent a cease and desist letter accusing Primus of infringement and threatening to file a suit for patent infringement against Primus, making this suit necessary.

**DEMAND FOR JURY TRIAL**

Primus hereby demands a trial by jury on all issues triable to a jury.

                                  Respectfully submitted,

                                  LARIVIERE, GRUBMAN P.C.

Dated:  JANUARY 2, 2018        By:  /s/ Scott J. Allen
                                        Scott J. Allen
                                        LaRiviere, Grubman P.C.

                                        Attorneys for Declaratory Plaintiff
                                        PRIMUS GROUP, INC.

PRIMUS GROUP, INC. v. INSTITUTE FOR ENVIRONMENTAL HEALTH, INC.
Complaint

8